UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MELANIE SENTIN,
MCKAYLA RAE SENTIN,                                        **DECISION**
GABRIEL HORDER,                                                 **and**
                                                                         **ORDER**

                                  Plaintiffs,

        v.                                                             **23-CV-108LJV(F)**

KIMBERLY SZCZEPANKIEWICZ,
COREY COBB,
GARY MAHONEY,
JOHN DOE,

                                  Defendants.
_____

APPEARANCES:                    MELANIE SENTIN, *Pro Se*
                                          710 Elyria Avenue
                                          Amherst, Ohio    44001

                                          JEREMY C. TOTH
                                          ERIE COUNTY ATTORNEY
                                          Attorney for Defendants Szczepankiewicz and Cobb
                                          IFEOLUWA M. POPOOLA, Assistant County Attorney,
                                            of Counsel
                                          95 Franklin Street
                                          Buffalo, New York  14202

                                          LETITA JAMES
                                          NEW YORK STATE ATTORNEY GENERAL
                                          Attorney for Defendant Mahoney
                                          DARREN LONGO, Assistant New York State
                                            Attorney General, of Counsel
                                          350 Main Street, Suite 300A
                                          Buffalo, New York  14202


        In this § 1983 action, Plaintiff alleges Defendants improperly removed her children and

placed them in foster care in violation of her Fourth and Fourteenth Amendment rights.  Before

the court is Defendant Mahoney's motion, filed September 17, 2024 (Dkt. 40), requesting an

order staying discovery pending resolution of issues of Plaintiff's representation and asserted

need for a Tagalog interpreter to assist Plaintiff in the conduct of Plaintiff's deposition by

Defendant Mahoney's attorney.

Specifically, Defendant states that at the outset of Plaintiff's deposition on June 27,

2024, Plaintiff informed Darren Long, N.Y.S. Assistant Attorney General ("Longo"), that she

expected her attorney, one Rahul Manchanda ("Manchanda") with a New York City office

address, would attend the deposition.  Longo Declaration (Dkt. 40-1) ¶ 5.  Plaintiff also

informed Longo that she required a Tagalog interpreter to assist her in the deposition.  *Id.* ¶ 6.

After a 30-minute delay, Plaintiff telephoned Manchanda who informed Plaintiff to proceed with

the deposition without his participation.  *Id.* ¶ 8.  In light of this development, Longo elected to

adjourn Plaintiff's deposition in order to clarify Manchanda's putative representation of Plaintiff.

*Id.* ¶ 9.  Thereafter, Longo communicated with Manchanda to determine whether in fact

Manchanda represented Plaintiff in this matter but such effort was unsuccessful.  *Id.* ¶¶ 10-14.

Accordingly, Defendant requests the court conduct a conference with Manchanda to determine

whether he intends to represent Plaintiff and that the court should stay discovery pending such

clarification.  *Id.* ¶¶ 15-16.  In a scheduling order served on all parties, responses to

Defendant's motion were due October 8, 2024.  Only Plaintiff responded by filing a statement,

in English, which failed to address the question of Manchanda's putative representation in this

matter and Plaintiff's alleged need for a Tagalog interpreter.  *See* Dkt. 42.

(1)     Plaintiff's Representation.

It is basic that in a federal court action representation by an attorney is the responsibility

of a non-indigent party to arrange. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335,

1341 (2d Cir. 1994) (affirming district court's decision denying *pro se* plaintiff's request for

appointment of counsel where the plaintiff did not contest the district court's determination that the plaintiff had the financial ability to hire counsel).   The court also lacks authority to assign an attorney except in the case of an indigent.  *Gonzalez v. Coburn*, 2018 WL 4608205, at *1 (W.D.N.Y. Sept. 25, 2018) (citing 28 U.S.C. § 1915(e)).  The docket for the instant case indicates Plaintiff has paid the $ 402 filing fee and thus is not indigent party.  *See* February 1, 2023 Docket Entry.  In short, a party may not refuse an oral deposition based on lack of counsel.  *See Schine v. Crown*, 1993 WL 127199, at ** 6-7 (S.D.N.Y. Mar. 31, 1993) (adopting report and recommendation recommending dismissal of action as sanction for *pro se* plaintiff's pattern of abusive behavior pertaining to discovery including, *inter alia*, refusing to attend oral deposition based on lack of counsel).  Thus, whether Plaintiff has counsel in this action or not is a matter for Plaintiff, not the court.  Defendant's request for a conference to determine whether Plaintiff will proceed with counsel is therefore DENIED.

(2)     Plaintiff's Need for an Interpreter.

        "'Generally, *pro se* civil litigants have no entitlement to an interpreter or a translator.'" *Gonzalez,* 2018 WL 4608205, at *1 (finding, based on plaintiff's interactions with court, plaintiff had "sufficient English proficiency to proceed without an interpreter") (quoting *Fessehazion v. Hudson Grp.*, 2009 WL 2596619, at *2 (S.D.N.Y. Aug. 21, 2009) (citation omitted) (*reconsideration granted on other grds*., 2009 WL 277043 (S.D.N.Y. Aug. 31, 2009)).  Further, as "there is no specific statute which authorizes the court to appoint an interpreter in civil *in forma pauperis* actions," *Velez v. Burge*, 2009 WL 3459744, at *2 (W.D.N.Y. Oct. 20, 2009), it follows that Plaintiff, who is not proceeding IFP, is not entitled to assignment of a translator to assist her in her deposition in this case.

*Pro se* litigants, like Plaintiff, are expected to conform to the Federal Rules of Civil

Procedure, *see Hollingshead v. Pelkey*, 2024 WL 4333349, at * 1 (W.D.N.Y. Sept. 27, 2024)

(stating that a plaintiff's *pro se* status does not excuse compliance with the Federal Rules of

Civil Procedure), including Fed.R.Civ.P. 30(a)(1) (party required to appear for oral deposition).

*See McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 123-24 (2d Cir. 1988)

(affirming district court's dismissal of *pro se* plaintiff's complaint for violating the court's

discovery order by refusing to answer questions put to him at oral deposition); *see also Jones*

*v. Niagara Frontier Transp. Authority (NFTA),* 836 F.2d 731, 735 (2d Cir. 1987) (affirming

district court's dismissal of complaint to sanction plaintiff who repeatedly and willfully refused to

answer questions at court-ordered deposition).  Moreover, although the court's experience with

Plaintiff's use of English is limited to its review of Plaintiff's response in Defendant's motion,

*see* Dkt. 42, based on the court's review of Plaintiff's handwritten response, it is apparent

Plaintiff is quite proficient in English and is able to articulate her positions without difficulty.

Accordingly, there is no basis for delaying Plaintiff's deposition on account of Plaintiff's alleged

need for a Tagalog interpreter.

(3)     Stay of Discovery and Amended Scheduling Order.

Although Defendant's motion requests the court stay discovery until questions of

Plaintiff's representation and need for an interpreter are clarified, in its discretion the court finds

that at this point, with discovery set to end on October 31, 2024, as provided in the Scheduling

Order filed on March 8, 2024 (Dkt. 31), it is more sensible that an Amended Scheduling Order

be entered for good cause.  *See* Fed.R.Civ.P. 16(b).  The court notes that Defendants Cobb

and Szczepankiewicz have a pending motion to dismiss Plaintiff's Amended Complaint. Dkt.

37.  In this circumstance, the court finds there exists good cause to amend the Scheduling

Order and therefore requests the parties to submit, either jointly or individually, proposed Amended Scheduling Orders for the balance of the case, not later <u>than</u> <u>20</u> <u>days</u> from the filing of this Decision and Order.  In the meantime, Defendants should renotice and conduct Plaintiff's deposition without further delay.  If Manchanda wishes to represent Plaintiff, he may do so by timely filing a notice of appearance in accordance with Local R.Civ.P. 83.2(b). Plaintiff is reminded that failure to comply with such notice may result in sanctions, including dismissal of the Amended Complaint, in accordance with Fed.R.Civ.P. 37(a)(3).

## CONCLUSION

Defendant Mahoney's motion (Dkt. 40) is GRANTED in part, and DENIED in part. SO ORDERED.  The Clerk of Court is directed to serve a copy of this Decision and Order on Mr. Manchanda at the address provided by Defendant.  *See* Dkt. 40 at 4.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  October 29, 2024
        Buffalo, New York