UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MELANIE SENTIN et al.,

        Plaintiffs,

   v.                                                                                  23-CV-108-LJV
                                                                                                                                                                         DECISION & ORDER

KIMBERLY SZCZEPANKIEWICZ et al.,

        Defendants.

_____

On February 1, 2023, the pro se plaintiff, Melanie Sentin, commenced this action under 42 U.S.C. § 1983, alleging violations of her constitutional rights in connection with a series of events related to the custody of her children.[1]  Docket Item 1; *see also* Docket Item 25 (amended complaint).  She asserts claims against four defendants: Kimberly Szczepankiewicz and Corey Cobb, employees of Erie County Child Protective Services ("CPS") (the "Erie County defendants"); Police Officer Gary Mahoney; and a John Doe defendant.  Docket Item 25.

After Cobb, Szczepankiewicz, and Mahoney moved to dismiss the complaint, Docket Items 7, 8, and 24, this Court issued a decision and order denying Mahoney's

---

[1] As in her original complaint, Sentin does not explicitly invoke section 1983 in her amended complaint, but the Court construes the amended complaint as raising claims under that section because Sentin has sued several state and county officials for violating her constitutional rights.  *See* Docket Item 1 and 25; *see also Sentin v. Szczepankiewicz*, 2023 WL 7701811, at *1 n.2 (W.D.N.Y. Nov. 15, 2023).

In both her complaint and her amended complaint, Sentin lists her children as plaintiffs.  Docket Item 1 at 1; Docket Item 25 at 1.  But as explained below and in this Court's previous order, because Sentin is not an attorney, she cannot bring claims on behalf of her children.  *See infra* Section I; *Sentin*, 2023 WL 7701811, at *1 n.1.

motion but granting the motions by the Erie County defendants.  Docket Item 24; *see also Sentin v. Szczepankiewicz*, 2023 WL 7701811 (W.D.N.Y. Nov. 15, 2023).  More specifically, the Court held that Sentin had stated a claim that Mahoney violated her Fourth Amendment rights but failed to allege that either of the Erie County defendants were personally involved in any constitutional violation.  *Sentin*, 2023 WL 7701811, at *4-5.  Nonetheless, in light of Sentin's pro se status, this Court allowed her to amend her complaint to state a claim against the Erie County defendants.  *Id.* at *5-6; *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("Certainly the court should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999))).

About a month after the Court's decision, Sentin filed an amended complaint.  Docket Item 25.  The Erie County defendants moved to dismiss that amended complaint for failure to state a claim,[2] Docket Item 37, and Sentin responded to the motion.  Docket Item 39.  The Erie County defendants did not reply, and the deadline to do so has passed.  *See* Loc. R. Civ. P. 7(b)(2)(B).

For the reasons that follow, this Court grants the Erie County defendants' motion.  But in light of Sentin's pro se status, *see Cuoco*, 222 F.3d at 112, it gives her one more chance to amend her complaint.

---

[2] After Mahoney answered the amended complaint, Docket Item 26, this Court referred the case to United States Magistrate Judge Leslie G. Foschio for discovery and other pretrial proceedings, Docket Item 27.

**BACKGROUND**[3]

Sentin is the mother of two minor children, G.H. and M.R.S.[4]  Docket Item 25 at 1; *see also* Docket Item 1.  Around noon on February 4, 2021, two police officers—defendant Mahoney and his partner, the John Doe defendant—illegally entered the home where Sentin and her children lived.  Docket Item 25 at 1.  Mahoney then "demand[ed]" that Sentin and her children "go to [the B]est [S]elf Child [A]dvocacy [C]enter" in Buffalo for interrogation.  *Id.*  Mahoney did not have a warrant to enter Sentin's house, and he "failed to provide" her with an interpreter for the interrogation even after she asked for one.  *Id.*  Mahoney held Sentin and her children in custody for five hours.  *Id.*

Three days later, on February 7, 2021, Sentin had her "first [u]nfortunate [e]ncounter" with defendant Szczepankiewicz, a CPS employee, at a CPS office.[5]  *Id.* at 2.  Szczepankiewicz was "very unprofessional" and "denied" Sentin an interpreter even

---

[3] The following facts are taken from the amended complaint, Docket Item 25.  On a motion to dismiss, the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff."  *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  Throughout this decision, page numbers in docket citations refer to ECF pagination.

[4] Because Sentin's children are minors, the Court refers to them by only their initials.  *See* Loc. R. Civ. P. 5.2(a) (stating that individuals known to be minors may be referred to by only their initials in court filings).  The Clerk of the Court shall update the docket accordingly.

[5] Sentin's amended complaint does not clearly identify either Szczepankiewicz or Cobb as CPS employees.  But her initial complaint identified them as such, *see* Docket Item 1 at 1, and her amended complaint says that Sentin first encountered Szczepankiewicz at a "CPS location" and suggests that Szczepankiewicz and Cobb are engaged in similar work.  *See* Docket Item 25 at 2-3.  The Court therefore liberally construes the complaint as alleging that both defendants are Erie County CPS employees.

though she was "fully aware of [Sentin's] ethnicity." *Id.* Indeed, Sentin says, Szczepankiewicz "violate[d her] rights" on "a few occa[si]on[s]." *Id.* For example, at a March 2021 court appearance, Sentin was not provided with an interpreter and therefore could not understand what "all [the] talk [was] about." *Id.* But Szczepankiewicz "told [Sentin that she didn't] need [an] interpreter." *Id.* In addition, Szczepankiewicz called Sentin "numerous times . . . demanding all . . . legal document[s]" about Sentin's citizenship status. *Id.* Finally, Szczepankiewicz "force[d]"—or tried to force[6]—Sentin to "sign a document" that Sentin did not "understand." *Id.* Szczepankiewicz then "got mad when [Sentin] did not do what [Szczepankiewicz] want[ed her] to do." *Id.*

Cobb—another Erie County CPS employee, *see supra* note 5—"did [the] same[ ]thing" as Szczepankiewicz. *Id.* at 3. For example, on February 14, 2021, Cobb tried to "force [Sentin] to sign a document" that Sentin "[did not] understand" and "got mad" when she refused to do so. *Id.* And like Szczepankiewicz, Cobb did not provide Sentin with an interpreter. *Id.*

Sentin says that "they"—presumably all the defendants—have "treat[ed her] and [her] family" as if they are "criminal[s]." *Id.* She has been forced to live "with fear," has

---

[6] Sentin's amended complaint is somewhat ambiguous on this point: She seems to say that Szczepankiewicz "force[d]" her to sign the document, but then states that the CPS employee "got mad when [Sentin] did not do what she want[ed Sentin] to do." *See* Docket Item 25 at 2. Sentin says something similarly ambiguous about Cobb. *See id.* at 3. In any event, for the reasons explained below, *see infra* Section II, even if the amended complaint is understood to state that she did in fact sign the documents, Sentin still has not stated a claim. Among other things, Sentin provides no facts about what the documents were or their effect. *See* Docket Item 25 at 2-3.

4

lost sleep, and has suffered trauma and emotional distress.  *Id.*  She seeks $10 million in damages.  *Id.*

## LEGAL PRINCIPLES

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

**I.   CLAIMS ON BEHALF OF SENTIN'S CHILDREN**

As she did in her initial complaint, Sentin lists her children as co-plaintiffs to this action.  *See* Docket Item 1 at 1; Docket Item 25 at 1.  But in its previous decision and order, this Court held that Sentin could not assert claims on behalf of her children.  *Sentin*, 2023 WL 7701811, at *6 n.1.  As it explained, *id.*, while federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves," *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)); *see also Tse-Ming Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A]

non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."). This Court thus ordered that the claims of Sentin's children would be dismissed if an attorney did not appear on their behalf within 45 days of the Court's decision and order of November 15, 2023. *Sentin*, 2023 WL 7701811, at *6.

As the Erie County defendants note, no attorney entered any such appearance. *See* Docket Item 37-1 at 5. For that reason, Sentin's claims on behalf of her children are dismissed without leave to amend.

## II. CLAIMS AGAINST THE ERIE COUNTY DEFENDANTS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). To establish liability against a government official under section 1983, "a plaintiff must plead and prove 'that each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

Sentin says that the Erie County defendants violated her rights by failing to provide her with an interpreter and by attempting to force her to sign a document. Docket Item 25 at 2-3. And she also says that Szczepankiewicz further violated her

6

rights by "call[ing] numerous times" to "demand[] all [Sentin's] legal documents" related to her citizenship. *Id.* at 2. The amended complaint does not identify the "rights" that the Erie County defendants allegedly violated. *See id.* at 2-3. But in opposing the motion to dismiss, Sentin invokes her due process rights under the Fourteenth Amendment and her right to be free from unreasonable search and seizure under the Fourth Amendment.[7] *See* Docket Item 39 at 5-6.

The Erie County defendants argue that Sentin has failed to state a claim that they violated any of Sentin's constitutional rights. *See* Docket Item 37-1 at 2-4. They say that Sentin's "vague," "conclusory," and "incomprehensible" allegations do not pass muster under Federal Rule of Civil Procedure 12(b)(6), even under the "very forgiving standard" that applies to pro se complaints at the motion to dismiss stage. *See* Docket Item 37-1 at 2-4. This Court agrees that at least as currently pleaded, Sentin has failed to state a claim under either the Fourth or Fourteenth Amendments.

### A. Due Process Clause

The Due Process Clause of the Fourteenth Amendment provides that "[n]o [s]tate shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. It is well settled in the Second Circuit "that a parent's

---

[7] Sentin also cites the Due Process Clause of the Fifth Amendment. Docket Item 39 at 6. But that clause applies only to federal government actors, while the parallel clause of the Fourteenth Amendment applies to state actors. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002); *see also Robinson v. Wright*, 2022 WL 2663369, at *3 (N.D.N.Y. July 11, 2022) ("The Fifth Amendment Due Process Clause applies only to the federal government, and not to state or municipal governments." (collecting cases)), *report and recommendation adopted*, 2022 WL 4356214 (N.D.N.Y. Sept. 19, 2022). Because Sentin sues only state and county officials, the Court understands her to be asserting claims under the Fourteenth Amendment.

interest in the custody of a child is a constitutionally protected liberty interest subject to due process protection." *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 103 (2d Cir. 1999) (Sotomayor, J.) (quoting *Cecere v. City of New York*, 967 F.2d 826, 829 (2d Cir.1992)).

Parents' rights in this context are both substantive and procedural. *See Hagans v. Nassau Cnty. Dep't of Soc. Servs.*, 2020 WL 1550577, at *5 (E.D.N.Y. Mar. 31, 2020); *see also Albright v. Oliver*, 510 U.S. 266, 272 (1994) (the Due Process Clause "confers both substantive and procedural rights"). Essentially, a "procedural due process claim challenges the procedure by which a removal is effected, [while] a substantive due process claim challenges the 'fact of [the] removal' itself." *Southerland v. City of New York*, 680 F.3d 127, 142 (2d Cir. 2012) (alteration in original) (quoting *Bruker v. City of New York*, 92 F. Supp. 2d 257, 266-67 (S.D.N.Y. 2000)).

The Second Circuit has held "that except in emergency circumstances," procedural due process requires that "judicial process must be accorded [to a] parent . . . before removal of the child from [the] parent's custody may be effected." *Id.* Moreover, the court has held that substantive due process protects parents' right "to remain together with their children without the coercive interference of the awesome power of the state.'" *Id.* (alterations omitted) (quoting *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999)). But as sweeping as such language might sound, it is far from absolute. *See Wilkinson*, 182 F.3d at 104 ("Although parents enjoy a constitutionally protected interest in their family integrity, this interest is counterbalanced by the 'compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents

themselves.'" (quoting *Manzano v. S.D. Dep't of Social Servs.*, 60 F.3d 505, 510 (8th Cir.1995)). Indeed, the Second Circuit has made clear that to constitute a substantive due process violation, "[t]he interference with the" parents' custody of the child "must be 'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'" *Southerland*, 680 F.3d at 143 (quoting *Anthony v. City of New York*, 339 F.3d 129, 142-43 (2d Cir. 2003)).

Here, Sentin seems to be attempting to assert a claim that the Erie County defendants violated her procedural and substantive due process rights by removing her children from her care. *See* Docket Item 25 at 1-3. As an initial matter, the Court notes that Sentin's amended complaint does not state that either of her children was in fact removed from her care, much less that either Erie County defendant was involved in any way in that removal.[8] *See id.* Instead, she says the Erie County defendants either forced her to sign or attempted to force her to sign certain documents that she did not understand. *See id.* at 2-3. She also says they failed to provide her with an interpreter. *See id.*

---

[8] Sentin's response to the motion to dismiss says that her son, G.H., was "taken away" from her by Erie County CPS without a "[c]ourt [o]rder or [a w]arrant or [a] CPS report . . . again[st her]." Docket Item 39 at 1, 2-4. But parties generally "may not use [their] opposition to a dispositive motion as a means to amend the complaint." *Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007) (summary order). And even if this Court could consider the allegations in Sentin's response, Sentin does not allege that the Erie County defendants were personally involved in G.H.'s being "taken away"; she refers only to Erie County CPS more generally. *See* Docket Item 39; *see also Tangreti*, 983 F.3d at 618 (noting that plaintiff must allege defendant's personal involvement in the complained-of conduct to state a section 1983 claim against that defendant). And she gives no other specifics about the removal. *See generally* Docket Item 39. That is not enough to state a claim against the individual defendants.

9

In *Stumpf v. Maywalt*, 605 F. Supp. 3d 511 (W.D.N.Y. 2022), the plaintiff asserted that the defendants had violated his rights in the course of their "involvement in . . . the state court custody proceedings [regarding] his son and daughter." *Id.* at 514-15. The court held that the plaintiff had not stated a procedural due process claim because "it [wa]s not entirely clear [from the complaint] what process [the p]laintiff . . . was deprived." *Id.* at 520. It also held that the plaintiff had failed to state a substantive due process claim. *Id.* More specifically, the court noted that the plaintiff had not "articulate[d] why [the d]efendants did not have a reasonable basis for removing his children from his home." *Id.* And so he had "not alleged that [the d]efendants' conduct was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (quoting *Southerland*, 680 F.3d at 151-52).

What was true in *Maywalt* is true here: Sentin does not allege any specific process that she was denied before her children were removed; indeed, she does not even allege that they *were* in fact removed. *See* Docket Item 25 at 1-3. While she alleges that the Erie County defendants either forced her to sign or attempted to force her to sign certain documents, Sentin never says what those documents were or what their effect was. *See id.* at 2-3. In fact, as noted above, her amended complaint does not even make clear whether or not she signed the documents. *See id.*; *see supra* note 6. And while she says that the Erie County defendants failed to provide her with an interpreter, she provides no detail about the specific circumstances in which they denied her an interpreter, much less the consequence, if any, of those encounters. *See* Docket Item 25 at 2-3. And because Sentin provides essentially no information about the removal of her children from her custody—if it indeed occurred—she also does not

10

provide facts suggesting that there was no reasonable basis for that removal. *Id.* And so she has not stated either a procedural or a substantive due process claim here. *See Maywalt*, 605 F. Supp. 3d at 520.

Other courts have come to similar conclusions. For instance, in *Panzardi v. Jensen*, 2014 WL 905546 (E.D.N.Y. Mar. 7, 2014), the court held that the plaintiff's allegation that the defendants "tried to 'coerce' him [in]to surrender[ing] his parental rights to his son" was "too vague to state a claim under the Fourteenth Amendment." *Id.* at *5. As here, the plaintiff in that case had not "alleged that he ha[d] in fact lost his parental rights." *Id.* And in *Stumpf v. Cooley*, 678 F. Supp. 3d 395 (W.D.N.Y. 2023),[9] the court held that the plaintiff's allegations that CPS caseworkers had "told him that he could either voluntarily surrender his children to a family member, or . . . they would obtain a court order to remove the children" did not—without more—state a Fourteenth Amendment claim. *Id.* at 403. Indeed, the plaintiff did "not specifically state that the children were actually removed from his custody at any point." *Id.*

In sum, Sentin has failed to allege that the Erie County defendants violated her right to either substantive or procedural due process. Nonetheless, in light of her pro se status, *Cuoco*, 222 F.3d at 112, Sentin may have one final opportunity to amend her complaint to state a viable due process claim. In any amended complaint, Sentin must clearly identify how her rights were violated; which defendants were involved in any alleged violation; and what each defendant did to violate her rights. *See* Fed. R. Civ. P. 8 and 10.

---

[9] *Stumpf v. Cooley* involved the same plaintiff as in *Stumpf v. Maywalt* and addressed his amended pleading.

### B. Fourth Amendment

"The Fourth Amendment protects people from unreasonable government intrusions into their legitimate expectations of privacy." *United States v. Hayes*, 551 F.3d 138, 143-44 (2d Cir. 2008) (some internal quotation marks omitted) (quoting *United States v. Thomas*, 757 F.2d 1359, 1366 (2d Cir.1985)). "A Fourth Amendment search, however, does not occur unless the search invades an object or area where one has a subjective expectation of privacy that society is prepared to accept as objectively reasonable." *Id.* (citing *Illinois v. Caballes*, 543 U.S. 405, 408 (2005)); *see DeVittorio v. Hall*, 589 F. Supp. 2d 247, 257 (S.D.N.Y. 2008) (stating that a "'search' occurs 'when an expectation of privacy that society is prepared to consider reasonable is infringed'" (quoting *United States v. Karo*, 468 U.S. 705, 712 (1984))), *aff'd*, 347 F. App'x 650 (2d Cir. 2009) (summary order). Likewise, "a seizure does not occur simply because a police officer approaches an individual and asks a few questions." *Lilly v. Stafford*, 2021 WL 3741590, at *3 (W.D.N.Y. Aug. 24, 2021) (quoting *Florida v. Bostick*, 501 U.S. 429, 434 (1991)). Instead, "[s]o long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required." *Id.* (quoting *Florida*, 501 U.S. at 434).

The only allegations that might possibly suggest a Fourth Amendment claim against the Erie County defendants are that Szczepankiewicz demanded to see personal documents related to Sentin's citizenship status.[10] But "mere . . . questioning" does not violate an individual's Fourth Amendment rights. *See Pinto-Montoya v.*

---

[10] As noted above, the Court previously held that Sentin stated a viable Fourth Amendment claim against Mahoney. *Sentin*, 2023 WL 7701811, at *5; *see also* Docket Item 25 at 1.

*Mukasey*, 540 F.3d 126, 131 (2d Cir. 2008) (quoting *Muehler v. Mena*, 544 U.S. 93, 101 (2005). And in any event, Sentin does not allege that Szczepankiewicz gained access to any documents, much less that Sentin was coerced into giving the CPS employee information or documents against her will. Docket Item 25 at 2; *see also Pinto-Montoya*, 540 F.3d at 131 (to determine whether a Fourth Amendment violation occurred, courts "must ask whether, under the particular circumstances presented, 'a reasonable person would have believed that he was not free to leave if he did not respond' to the questions put to him" (alterations omitted) (quoting *INS v. Delgado*, 466 U.S. 210, 216 (1984)); *Kaminsky v. Schriro*, 243 F. Supp. 3d 221, 228 (D. Conn. 2017) (government officials do not violate Fourth Amendment if individual "consent[s]" to search as long as "the consent was a product of that individual's free and unconstrained choice, rather than a mere acquiescence in a show of authority"). Instead, she simply says that Szczepankiewicz asked—albeit repeatedly—to see her documents. *See* Docket Item 25 at 2.

In the absence of any allegations that the Erie County defendants seized her or "intru[ded] into [her] legitimate expectations of privacy," Sentin has stated no facts to show that she was subject to a search or a seizure, much less a search or seizure that was "unreasonable." *See Hayes*, 551 F.3d at 143-44; *Florida*, 501 U.S. at 434. She therefore has failed to state a viable Fourth Amendment claim. Nonetheless, and again in light of her pro se status, *Cuoco*, 222 F.3d at 112, Sentin may amend her complaint to state a viable Fourth Amendment claim. Again, in any amended complaint, Sentin must clearly identify how her rights were violated; which defendants were involved in

any alleged violation; and what each defendant did to violate her rights.  *See* Fed. R. Civ. P. 8 and 10.

## **CONCLUSION**

For the reasons stated above, the Erie County defendants' motion to dismiss is GRANTED.  The Clerk of the Court shall correct the docket as stated in note 4 and terminate G.H. and M.R.S. as plaintiffs to this action.

As to Sentin's own claims, she may amend her complaint to correct the deficiencies noted above **within 45 days of the date of this order**.[11]  If she does not do so, the Clerk of the Court shall terminate Cobb and Szczepankiewicz as defendants to this action without further order.

Sentin is advised that an amended complaint is intended to completely replace the prior complaint in the action and thus "renders [any prior complaint] of no legal effect*." Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any amended complaint must include all allegations against each of the defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.

---

[11] Sentin again is advised that she may be eligible for help in amending her complaint from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project.  The program can be reached by calling 716-847-0662, ext. 340, and leaving a message.  Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistanceprogram-0.

Sentin shall notify the Court in writing if her address changes. The Court may dismiss the action if Sentin fails to do so.

SO ORDERED.

Dated:   March 20, 2025
         Buffalo, New York

                                          */s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE